UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOD KEVIN HOUTHOOFD,
#516112,

    Petitioner,                                      Civil Action No. 21-CV-13063

vs.                                               HON. BERNARD A. FRIEDMAN

MICHAEL BURGESS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, DENYING PETITIONER'S MOTION FOR TRANSCRIPTS AND INVESTIGATIVE RECORDS, AND DISMISSING THE CASE WITHOUT PREJUDICE**

        This matter is presently before the Court on petitioner's "motion for appointment of federal habeas corpus counsel" (ECF Nos. 1, 3) and "motion for trial transcripts, post transcripts and state police investigative records" (ECF No. 4). Petitioner, Tod Kevin Houthoofd, is an inmate at the Oaks Correctional Facility in Manistee, Michigan. For the reasons stated below, the court shall deny these motions and dismiss the case without prejudice.

        Petitioner seeks the appointment of counsel to assist him in filing a habeas corpus petition. However, he has failed to file any such petition and the instant motion fails to specify what conviction,[1] if any, he wishes to challenge or the claims that he wishes to raise. "A habeas petition must 'allege the facts concerning the applicant's commitment or detention.' 28 U.S.C. § 2242, ¶ 2. The petition also must: (1) specify all the grounds for relief available to the petitioner;

---

[1] Petitioner references the case of *People v. Houthoofd*, 790 N.W.2d 315 (Mich. 2020) in the instant motion. In that case, however, the court addressed "only whether venue was proper in Saginaw County for [his] trial." *Houthoofd*, 790 N.W.2d at 318. It does not clearly identify the charge(s) defendant wishes to challenge.

(2) state the facts supporting each ground; [and] (3) state the relief requested[.]" *DeLeon v. Campbell*, No. 2:18-CV-10684, 2018 WL 1719709, at *2 (E.D. Mich. Apr. 19, 2018) (quoting Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts). Because petitioner has failed to identify the conviction he is challenging and/or the grounds for relief, his motion for appointment of counsel cannot serve as a substitute for a habeas petition. *See id*. (declining to treat petitioner's motion for a stay as a substitute for a habeas petition).

Further, there is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (explaining that appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required). Because petitioner has failed to identify the conviction at issue or the grounds for relief, the Court is unable to determine whether appointment of counsel is warranted in this case. Accordingly,

IT IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 1) is denied.

IT IS FURTHER ORDERED that the case is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for transcripts and investigative records (ECF No. 4) is denied as moot.

Dated: February 3, 2022
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 3, 2022.

| | |
|---|---|
| **Tod Kevin Houthoofd**  #516112<br>OAKS CORRECTIONAL FACILITY<br>1500 CABERFAE HIGHWAY<br>MANISTEE, MI 49660 | s/Johnetta M. Curry-Williams<br>Case Manager |