UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOD KEVIN HOUTHOOFD,
#596112,

       Petitioner,                         Civil Action No. 21-CV-13063

vs.                                   HON. BERNARD A. FRIEDMAN

MICHAEL BURGESS,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION TO REINSTATE THE CASE

       This matter is presently before the Court on petitioner's "motion for appointment of counsel reconsideration." (ECF No. 7). Petitioner has also filed an amended application for a writ of habeas corpus, which the Court construes as a motion to reopen or reinstate the case. (ECF No. 8). For the following reasons, the Court shall deny these motions.

       Petitioner, an inmate at the Thumb Correctional Facility in Lapeer, Michigan, previously filed a "motion for appointment of federal habeas corpus counsel" on December 27, 2021. (ECF Nos. 1, 3). The Court denied that motion and dismissed the case without prejudice in a February 3, 2022, opinion and order. (ECF No. 5). The Court explained that, although petitioner had requested the appointment of habeas counsel, he had failed to file a habeas petition, failed to specify what conviction, if any, he wished to challenge, and failed to indicate the claims he wished to raise. (*Id*., PageID.20). The Court was therefore unable to determine whether appointment of counsel was warranted and dismissed the case without prejudice. (*Id*., PageID.21).

       In the instant motion, petitioner acknowledges that he "jumped the gun" when he filed his prior motion for appointment of counsel and requests that the Court reconsider its denial

of that motion.  (ECF No. 7, PageID.25).  He explains that exceptional circumstances warrant the requested relief, namely, "the Lansing Conviction Integrity Unit has accepted [his] application on the grounds of actual innocence."  (*Id.*) (emphasis omitted).

> Local Rule 7.1(h)(2) of the Eastern District of Michigan provides:
>
> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>>
>> (B) An intervening change in controlling law warrants a different outcome; or
>>
>> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

"A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments."  *Southfield Educ. Ass'n v. Bd. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).  *See also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued.").  "Instead, the moving party must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome."  *Southfield Educ. Ass'n*, 319 F. Supp. 3d at 902.

Petitioner is not entitled to the requested relief.  He has failed to identify a dispositive mistake in the Court's prior opinion and order or an intervening change in controlling law.  Although petitioner notes the Lansing Conviction Integrity Unit's acceptance of his case, he

has failed to indicate whether such information constitutes new facts that warrant a different outcome, and which could not have been discovered with reasonable diligence before the prior decision.

Moreover, pursuant to the Court's February 3 opinion and order, this matter was dismissed without prejudice. The Court did not retain jurisdiction over this matter. The Court is therefore without power to reinstate the case or address motions filed thereunder. *See Wilson v. Warren*, No. 06-CV-15508, 2008 WL 5273633, at *1 (E.D. Mich. Dec. 17, 2008). Accordingly,

IT IS ORDERED that the motion for reconsideration (ECF No. 7) of the Court's February 3, 2022, opinion and order is denied.

IT IS FURTHER OREDERED that the motion to reinstate the case (ECF No. 8) is denied without prejudice. Petitioner may file an application for a writ of habeas corpus and any additional motions under a new case number.

s/Bernard A. Friedman

Dated: May 16, 2022
    Detroit, Michigan

Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 16, 2022.

**Tod Kevin Houthoofd** #596112
THUMB CORRECTIONAL FACILITY
3225 JOHN CONLEY DRIVE
LAPEER, MI 48446

s/Johnetta M. Curry-Williams
Case Manager

3